**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL ANTHONY PEREZ,** | § | |
| **TDCJ No. 02373415,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-25-CA-0320-JKP** |
| | § | |
| **ERIC GUERRERO, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Michael Anthony Perez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Eric Guerrero's Answer (ECF No. 13) thereto. In his § 2254 petition, Petitioner challenges the constitutionality of his 2021 state court conviction for possession of cocaine with intent to deliver, arguing that (1) he received ineffective assistance from his trial counsel, and (2) the trial court erred by failing to hold a hearing on his numerous complaints against counsel. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. __Procedural History__

In November 2021, a Gonzales County jury convicted Petitioner of first-degree possession of a controlled substance (cocaine) with intent to deliver and sentenced him to eighty years of imprisonment. *State v. Perez*, No. 179-19-A (2nd 25th Dist. Ct., Gonzales Cnty., Tex. Nov. 30, 2021).[1] The Texas Thirteenth Court of Appeals affirmed his conviction on direct appeal. *Perez v. State*, No. 13-22-00008-CR, 2023 WL 4248556 (Tex. App.—Corpus Christi-Edinburg, June 29, 2023, no. pet.).[2] Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.[3]

Instead, Petitioner challenged the constitutionality of his state court conviction by filing an application for state habeas corpus relief on January 28, 2024, at the earliest.[4] *Ex parte Perez*, No. 95,622-01 (Tex. Crim. App.).[5] The Texas Court of Criminal Appeals denied the application without a written order on June 5, 2024.[6] Petitioner later filed a second state habeas application on December 21, 2024, which the Texas Court of Criminal Appeals also denied without written order on February 26, 2025. *Ex parte Perez*, No. 95,622-02 (Tex. Crim. App.).[7]

Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on March 17, 2025.[8]

---

[1]    ECF No. 12-1 at 83-85 (Judgment).

[2]    ECF No. 12-13.

[3]    *See* http://www.search.txcourts.gov, search for "Perez, Michael" last visited February 17, 2026.

[4]    Because of Petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[5]    ECF No. 12-26 at 7-37 (Application).

[6]    ECF No. 12-34 (Notice).

[7]    ECF Nos. 12-36 at 7-28 (Application); 12-44 (Notice).

[8]    ECF No. 1 at 16.

## II.  Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final Monday, July 31, 2023, when the time for filing a PDR with the Texas Court of Criminal Appeals expired.[9]  *See* Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted).

As a result, the limitations period under § 2244(d) for Petitioner to file a federal habeas petition challenging his underlying conviction and sentence expired a year later on July 31, 2024.  Because Petitioner did not file his § 2254 petition until March 17, 2025—over seven months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

---

[9]  Because the thirty-day window to file a PDR expired on a Saturday, the limitations period did not begin until the following Monday.  *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

A.      **<u>Statutory Tolling</u>**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1).  There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B).  There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  As discussed previously, Petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas application on January 28, 2024, which was eventually denied by the Texas Court of Criminal Appeals on June 5, 2024.  Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 130 days, making his federal petition due Monday, December 9, 2024.[10]

Although Petitioner is entitled to statutory tolling under § 2244(d)(2) for the first state habeas application he filed, the second state habeas application he filed does not afford him the same courtesy.  This application was not filed until December 21, 2024, well after the time for filing a federal petition under § 2244(d)(1) had already lapsed.  As a result, the second application does not toll the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Petitioner's limitations period for filing a federal

---

[10]      Because the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday.  *See Flanagan*, 154 F.3d at 202 (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

petition therefore still expired December 9, 2024.  Again, he did not file the instant § 2254 petition until March 17, 2025—over three months too late.[11]

### B.    Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling.  The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."  *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to Respondent's assertion of the limitations period, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case.  Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period.  *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently.  Petitioner's conviction became final at the end of July 2023, yet he filed nothing to challenge the

---

[11]    Even assuming Petitioner's second state habeas application tolled the limitations period, it would only have tolled the limitations period for 68 days, making Petitioner's federal petition due on February 15, 2025.  Petitioner still would have been late by over a month.

underlying conviction until he executed his first state habeas corpus application at the end of January 2024. This six-month delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner then waited another six months after the denial of his first state habeas application in June 2024 before filing his second state habeas application in December 2024 raising the claims contained in the instant § 2254 petition. Petitioner provides no justification for either of these extensive delays.

In short, Petitioner fails to establish that his claims could not have been discovered and presented much earlier. Because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). Here, Petitioner provides no reasonable justification for missing the filing deadline by over three months despite the fact that the AEDPA's one-year statute of limitations has been in place since 1996. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV.  <u>Conclusion</u>

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     Federal habeas corpus relief is **DENIED** and Petitioner Michael Anthony Perez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.     No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 18th day of February, 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**